IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CAROLYN KING, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:14-CV-1436-BF |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of Social Security, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Plaintiff Carolyn King ("Plaintiff") brings this action for judicial review of the Commissioner of Social Security's ("Commissioner") final decision denying her claims for disabled widow's benefits, disability insurance benefits, supplemental security income, and period of disability under Titles II and XVI of the Social Security Act pursuant to Title 42, United States Code, Section 405(g). For the following reasons, the final decision of the Commissioner is REVERSED and REMANDED for proceedings consistent with this opinion.

## Background

Plaintiff alleges that she is disabled due to a variety of ailments, including coronary artery disease, hypertension, depression, and anxiety. Pl.'s Br. [D.E. 18 at 7]; Tr. [D.E. 13-6 at 2-40]. After her application was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on November 29, 2012. Tr. [D.E. 13-3 at 30]. At the time of the hearing, Plaintiff was 59 years old. *Id.* [D.E. 13-3 at 32]. Plaintiff has worked in clerical staff positions at various companies. *Id.* [D.E.13-3 at 35-36]. Plaintiff has a high school education. *Id.* [D.E. 13-3 at 34]. Plaintiff has not engaged in substantial gainful activity since August 8, 2011. *Id.* [D.E. 13-3 at 16].

The ALJ found that Plaintiff has not been under a disability within the meaning of the Social Security Act at any time through the date of his decision on December 21, 2012. *Id.* [D.E. 13-3 at 22]. The ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in Title 20, Code of Federal Regulations, Part 404, Subpart P, Appendix 1 (Title 20, Code of Federal Regulations, Sections 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). *Id.* [D.E. 13-3 at 19]. The ALJ further determined that Plaintiff has the residual functional capacity ("RFC") to perform the full range of light work as defined in Title 20, Code of Federal Regulations, Sections 404.1567(b) and 416.967(b). *Id.* [D.E. 13-3 at 19]. The ALJ determined that Plaintiff is capable of performing past relevant work as a secretary and an inventory control clerk. *Id.* [D.E. 13-3 at 21]. Plaintiff appealed that decision to the Appeals Council. *Id.* [D.E. 13-3 at 2]. The Appeals Council denied review. *Id.* [D.E. 13-3 at 2]. Plaintiff then filed this action in federal district court. Plaintiff seeks reversal of the Commissioner's decision on the following grounds:

(1) The ALJ failed to apply and document his analysis of Plaintiff's psychological impairments according to the Administration's "special technique" as set forth in Title 20, Code of Federal Regulations, Sections 404.1520a ("Section 404.1520a") and 416.920a ("Section 416.920a"); and

(2) The ALJ's analysis of Plaintiff's credibility is not supported by substantial evidence when he mistakenly believed she had been working.

*See* Pl.'s Br. [D.E. 18 at 4].

## Legal Standards

A claimant must prove that he is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire*

*v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

(1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;

(2) an individual who does not have a "severe impairment" will not be found to be disabled;

(3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;

(4) if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and

(5) if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990) (paraphrasing 20 C.F.R. § 404.1520(b)-(f)).

The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step

3

five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)). If the Commissioner demonstrates that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits was supported by substantial evidence and to whether the proper legal standard was utilized. *Greenspan*, 38 F.3d at 236; 42 U.S.C.A. § 405(g). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

Absent an error that affects the substantial rights of a party, administrative proceedings do not require "procedural perfection." *Wilder v. Colvin*, No. 3:13-CV-3014-P, 2014 2931884, *5 (N.D. Tex. June 30, 2014) (citing *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). Procedural errors affect substantial rights of a party only when the errors "cast into doubt the existence of substantial evidence to support the ALJ's decision." *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988). Remand is required where there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error. *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010). Further, "[t]he ALJ is not required to discuss every piece of evidence in the record nor must the ALJ

follow formalistic rules of articulation." *Hunt v. Astrue*, No. 4:12-CV-44-Y, 2013 WL 2392880, at *7 (N.D. Tex. June 3, 2013).

## Analysis

Plaintiff argues that the ALJ failed to apply and document his analysis of her psychological impairments according to the "special technique" set forth in Section 404.1520a and Section 416.920a. Pl.'s Br. [D.E. 18 at 12]. Plaintiff argues that the ALJ's omission constitutes a reversible error because she has a colorable claim for mental impairment. *Id.* [D.E. 18 at 13]. The Commissioner argues that nothing in Plaintiff's record indicates functional limitations in conjunction with her allegations of depression and anxiety. Def.'s Br. [D.E. 19 at 4]. The Commissioner points out that Plaintiff's symptoms were treated with the lowest prescription dose of Celexa for depression, there has been no reported psychiatric hospitalizations, and Plaintiff did not seek treatment for depression other than her initial complaint to her treating physician. *Id.* [D.E. 19 at 4]; Tr. [D.E. 13-8 at 9, 11, 20-22, 28, 32-33, 35-39, 82-84; D.E. 13-9 at 7, 11-12, 15, 18-20, 36, 57, 61, 66; D.E. 13-10 at 4]. The Commissioner argues that Plaintiff's allegations are meritless because her failure to seek additional treatment for her mental impairments shows that her impairments were not debilitating. Def.'s Br. [D.E. 19 at 5]. The Commissioner further argues that if Plaintiff's symptoms of depression and anxiety were serious, her attorney would have had her testify about them at her hearing before the ALJ. *Id.* [D.E. 19 at 7].

An "ALJ is required to develop the facts related to a disability claim 'fully and fairly.'" *Goin v. Astrue*, No. 3:12-CV-2471-B (BK), 2013 WL 1130050, at *4 (N.D. Tex. Feb. 19, 2013) (citing *Carey v. Apfel*, 230 F.3d 131, 142 (5th Cir. 2002)). The ALJ is required to evaluate Plaintiff's mental impairments by following the procedures set forth in Section 404.1520a. *See id.* If the claimant has

multiple impairments, the ALJ is required to "consider the combined effects of all [of the] impairments without regard to whether such impairment, if considered separately, would be of sufficient severity." 20 C.F.R. § 404.1523. In addition, a claimant's failure to discuss an impairment at the hearing does not excuse the ALJ from his obligation to consider all of the medical evidence in the record. *See Goin v. Astrue*, 2013 WL 1130050, at *4 (citing *Moore v. Astrue*, No. 3:11-CV-2961-BK, 2012 WL 1719183, at *4 (N.D. Tex. May 16, 2012)).

In *Bragg v. Commissioner*, the ALJ did not acknowledge that the claimant had a history of carpal tunnel syndrome and migraine headaches despite the administrative record containing two notations regarding the carpal tunnel syndrome and several notations and diagnoses regarding the migraine headaches. *See Bragg v. Commissioner*, 567 F. Supp. 2d 893, 907 (N.D. Tex. 2008). The court in *Bragg* reversed and remanded, holding that the ALJ had a duty to assess whether those impairments were "severe" impairments at step two of the sequential analysis. *Id.* at 896, 907. Similarly, in *Wingate v. Astrue*, the court found that the ALJ's RFC finding was not supported by substantial evidence because he failed to consider the claimant's mental limitation in formulating her RFC, despite numerous references to the mental issues in the record. *See Wingate v. Astrue*, No. H-08-1966, 2009 WL 3064685, at *16, 19 (S.D. Tex. Sept. 21, 2009). Further, the court in *Cannon v. Astrue* stated the following:

> [W]hile Plaintiff's medical records suggest that her depression is controlled by medication . . . . [t]he ALJ's decision is absent any mention of depression, this is particularly troubling because depression is one of the disabilities alleged in Plaintiff's application for benefits[]. More importantly, the ALJ failed to evaluate the effects of Plaintiff's depression in combination with her HIV as required by Listing 114.00(D)(6) and steps two and three under the five step analysis for SSI claims. The law is clear that to develop the facts related to a claim of disability fully and fairly for a claimant with multiple impairments, the ALJ must consider the combined effect of all of the alleged impairments. . . . [The] Commissioner has not shown that the ALJ

> satisfied his duty to evaluate the evidence fully. Because the court does not reweigh the evidence or substitute its judgment for that of the ALJ, remand is warranted so that the ALJ may consider the evidence and if necessary, develop the administrative record relative to Plaintiff's depression.

*Cannon v. Astrue*, No. H-08-2847, 2009 WL 2448261, at *4-5 (S.D. Tex. Aug. 6, 2009) (citing *Apfel*, 238 F.3d at 594; 20 C.F.R. §§ 416.906, 416.911; *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)) (internal quotations omitted).

In the present case, the record indicates that Plaintiff's treating physicians noted her anxiety or depression approximately half a dozen times beginning May 12, 2011 through November 3, 2011. Tr. [D.E. 13-8 at 9, 35-39]. Therefore, while Plaintiff may not have discussed her mental depression and anxiety at her hearing before the ALJ, there is medical evidence of these impairments. *See id.* [D.E. 13-8 at 9, 35-39]. Because the ALJ did not acknowledge Plaintiff's anxiety or depression, the Court is uncertain whether the ALJ evaluated all of the pertinent medical opinions and considered the combined effects of all of Plaintiff's impairments pursuant to Section 404.1523 and Section 404.1527(c). Further, courts in this district have found that the ALJ's failure to apply the "special technique" and discuss Plaintiff's limitations based on her mental impairments warrants remand. *See* 20 C.F.R. § 404.1520a.; *Goin*, 2013 WL 1130050, at *5; *Biles v. Astrue*, No. 3:09-CV-318-B (BF), 2010 WL 4688810, at *9 (N.D. Tex. Oct. 28, 2012)) ("The ALJ's failure to adhere to the regulations prevents effective review by this Court. . . . The Court can not . . . discern whether the ALJ properly considered all [relevant] evidence . . . . Therefore, the Court cannot determine whether the ALJ's decision regarding the severity of Plaintiff's mental impairment is supported by substantial evidence and reflects application of the correct legal standard. Therefore, the case should be reversed and remanded for reconsideration of Plaintiff's mental impairment using the special technique set forth

in 20 C.F.R. § 404.1520a.") (citations omitted).

In consideration of the foregoing, the Court determines that the final decision of the Commissioner is not supported by substantial evidence. Therefore, the final decision of the Commissioner is reversed and remanded for reconsideration of Plaintiff's mental impairments in accordance with the guidelines set forth in the regulations.[1]

## Conclusion

For the reasons stated above, the final decision of the Commissioner is REVERSED and REMANDED for proceedings consistent with this opinion.

SO ORDERED, this 31 day of August, 2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

1. Because reversal is warranted, the Court pretermits consideration of Plaintiff's remaining arguments as she can raise them before the ALJ on remand. *See* 20 C.F.R. § 404.983 (providing that when a case is remanded from federal court, the ALJ may consider any issues relating to the claim).